

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 12, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol
Austin, Texas

Opinion WW-317

Re: S.B. 323, 55th Leg., R.S.
1957, regarding permit to
disburse performing rights
under blanket license:
(1) What period of time
the permits should cover.
(2) To what fund the per-
mit fee should be deposit-
ed.
(3) What agency is to en-
force the penalty provi-
sions as outlined under
Section 8.

Dear Mr. Calvert:

You have submitted for our opinion three questions con-
cerning Senate Bill 323, Acts 55th Leg., R.S. 1957, Ch. 307,
p. 746, requiring permits to dispense performing rights to
musical compositions under a blanket license. **The pertinent**
portions of the statute are Sections 1, 3 and 8, which provide
as follows:

"Section 1.  Before any person shall sell,
license, or otherwise dispose of any performing
rights of any copyrighted musical or dramatico-
musical composition to be exercised in this state
under a blanket license, such person shall first
procure a permit to be known as a 'Permit to Dis-
pense Performing Rights under a Blanket License'
from the State Comptroller of Public Accounts for
such privilege.

"  . . .

"Sec. 3.  The fee for a Permit to Dispense
Performing Rights under a Blanket License shall
be $25.00 for each user authorized to operate
under such permit.  The form of such permit
shall be prescribed by the State Comptroller.

"  . . .

"Sec. 8. Any person, as that term is herein defined, failing to comply with or who violates any provision of this Act, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than $500.00 nor more than $1,000.00.

" . . ."

The questions which you submit with regard to this Act are stated by you in your letter of October 17, 1957, as follows:

"(1) What period of time the permits should cover.

"(2) To what fund the permit fee should be deposited.

"(3) What State agency is to enforce the penalty provisions as outlined under Sec. 8."

We have examined carefully the whole of Senate Bill 323, and we have failed to find any indication which will lead us to an answer to your first question. There is absolutely no time limit for the permits provided for in this Act. It is settled law that it is not the duty of the courts, and consequently ourselves, to supply omissions in a law. City of Fort Worth v. Westchester House, 274 S.W.2d 732 (Tex. Civ. App. 1954, error ref. n.r.e.); Estes v. Terrell, 92 S.W. 407, 99 Tex. 622 (1906). Accordingly, we hold that there is no limitation on the duration of the permits authorized by this Act. It appears that the omission of a provision for a definite duration of the permit so prescribed was not intentional on the part of the Legislature, but such omission is a matter for the Legislature to remedy and not for statutory construction.

In answer to your second question, it has long been the general departmental construction of this office and of the Comptroller's Office that any funds coming to the State, and not designated for a definite or special fund, are to be deposited in the General Revenue Fund of the State of Texas. We find no designation of a specific fund in the terms of Senate Bill 323. Accordingly, we follow the previous departmental construction and hold that the funds so acquired should be deposited to the General Revenue Fund of the State of Texas. Attorney General's Opinions MS-196 (1955) and O-1437 (1939).

In answer to your third question concerning the enforcement of the penalty provisions under Section 8, we find

no special provisions indicating that the enforcement of this penal provision is to be upon any person other than the persons designated to enforce the general penal laws of the State of Texas. Accordingly, we hold that the penal provisions of Senate Bill 323 are to be enforced by the regular law enforcement officers of the counties of the State of Texas and are not to be enforced by any State Agency.

## S U M M A R Y

The permits provided by Senate Bill 323, Acts 55th Legislature, R.S., 1957, Ch. 307, p. 746, are without limitation as to the duration of their effectiveness, and the funds received by the State Comptroller for such permits should be deposited in the General Revenue Fund of the State of Texas. Enforcement of the penal provisions of this Act is to be by regular law enforcement officers and not by any State Agency.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
John H. Minton, Jr.
Assistant

JHM:wam:zt

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman
Mary K. Wall
B. H. Timmins, Jr.
John Webster
Galloway Calhoun, Jr.
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY: James N. Ludlum